UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,

                                  Plaintiff,

    v.

REPUBLIC OF ARGENTINA,

                                Defendant.
------------------------------------------------------------ x

No. 06 CV 15297 (TPG)

ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS ......................................................................................... 2

III. ARGUMENT .............................................................................................................. 5

    A. Class Certification Standards ........................................................................... 5

    B. Mr. Brecher Meets the Requirements of Fed. R. Civ. P. 23(a) ......................... 5

        1. Class members are far too numerous for joinder ................................. 5

        2. Class members' claims share common issues of fact and law ............. 6

        3. Mr. Brecher's claims are typical of those of other Class members ...... 8

        4. Mr. Brecher is an adequate representative with experienced class action counsel ............................................................................. 9

    C. Mr. Brecher Meets the Requirements of Fed. R. Civ. P. 23(b) ....................... 10

        1. Common questions of fact and law predominate over individual issues ................................................................................................... 10

        2. Class action is superior for adjudicating this dispute, particularly since Class members are scattered across the globe ........................... 12

IV. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

## CASES

PAGE

*In re "Agent Orange" Prod. Liab. Litig.*,
   818 F.2d 145 (2d Cir. 1987) ...................................................................................8, 14

*Applestein TTEE FBO D.C.A. Grantor Trust v. Republic of Argentina*,
   2003 U.S. Dist. Lexis 20922 (S.D.N.Y. Nov. 19, 2003) ...................................................4

*Artal Alternative Treasury Mgmt. v. Republic of Argentina*,
   2008 U.S. Dist. Lexis 26433 (S.D.N.Y. Mar. 31, 2008) ...................................................4

*Azza v. Republic of Argentina*,
   No. 04-CV-00937 (S.D.N.Y. Mar. 31, 2005) ...................................................................1

*Azza v. Republic of Argentina*,
   No. 04-CV-01085 (S.D.N.Y. Mar. 31, 2005) ...................................................................1

*Baccanelli v. Republic of Argentina*,
   2008 U.S. Dist. Lexis 32565 (S.D.N.Y. Apr. 18, 2008) ...................................................4

*Beyer v. Republic of Argentina*,
   2007 U.S. Dist. Lexis 93786 (S.D.N.Y. Dec. 21, 2007) ...................................................4

*Bolanos v. Norwegian Cruise Lines Ltd.*,
   212 F.R.D. 144 (S.D.N.Y. 2002) ....................................................................................12

*Borgra v. Republic of Argentina*,
   2008 U.S. Dist. Lexis 27948 (S.D.N.Y. Apr. 4, 2008) .....................................................4

*Caridad v. Metro-North Commuter R.R.*,
   191 F.3d 283 (2d Cir. 1999) .............................................................................................5

*Castro v. Republic of Argentina*,
   No. 04-CV-00506 (S.D.N.Y. Mar. 31, 2005) ...................................................................1

*Chorny v. Republic of Argentina*,
   No. 04-CV-02118 (S.D.N.Y. Mar. 31, 2005) ...................................................................1

*Cromer Fin. Ltd. v. Berger*,
   205 F.R.D. 113 (S.D.N.Y. 2001) .................................................................................6, 12

*Daelli v. Republic of Argentina*,
   No. 05-CV-03095 (S.D.N.Y. Mar. 1, 2007) .....................................................................1

*David v. Showtime/Movie Channel, Inc.*,
   697 F. Supp. 752 (S.D.N.Y. 1988) ...................................................................................9

*Dornberger v. Metropolitan Life Ins. Co.*,
   182 F.R.D. 72 (S.D.N.Y. 1998) ...........................................................................5, 6, 9, 11

*In re Drexel Burnham Lambert Group*,
   960 F.2d 285 (2d Cir. 1992)........................................................................................................9

*EM Ltd. v. Republic of Argentina*,
   No. 03-CV-02507 (S.D.N.Y. Sept. 12, 2003).............................................................................4

*Fogarazzo v. Lehman Bros.*,
   232 F.R.D. 176 (S.D.N.Y. 2005)................................................................................................5

*In re Frontier Ins. Group Secs. Litig.*,
   172 F.R.D. 31 (E.D.N.Y. 1997)..................................................................................................9

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   114 F.R.D. 48 (S.D.N.Y. 1987)...............................................................................................6, 7

*H.W. Urban GmbH v. Republic of Argentina*,
   No. 02-CV-05699 (S.D.N.Y. Feb. 17, 2004)..............................................................................1

*H.W. Urban GmbH v. Republic of Argentina*,
   2003 U.S. Dist. Lexis 23363 (S.D.N.Y. Dec. 30, 2003)........................................8, 10, 11, 12, 13

*H.W. Urban GmbH v. Republic of Argentina*,
   2006 U.S. Dist. Lexis 9668 (S.D.N.Y. Mar. 9, 2006)..................................................................4

*Heerwagen v. Clear Channel Communs.*,
   435 F.3d 219 (2d Cir. 2006).......................................................................................................5

*Hickory Secs. Ltd. v. Republic of Argentina*,
   No. 04-CV-00936 (S.D.N.Y. Mar. 31, 2005)..............................................................................1

*Krueger v. New York Tel. Co.*,
   163 F.R.D. 433 (S.D.N.Y. 1995)........................................................................................6, 9, 10

*Latinburg, S.A. v. Republic of Argentina*,
   No. 03-CV-08528 (S.D.N.Y. May 24, 2004)..............................................................................4

*Lightwater Corp. v. Republic of Argentina*,
   2003 U.S. Dist. Lexis 6156 (S.D.N.Y. Apr. 14, 2003)...............................................................2

*In re Magnetic Audiotape Antitrust Litig.*,
   2001 U.S. Dist. Lexis 7303 (S.D.N.Y. June 6, 2001).......................................................5, 9, 10

*Marisol A. by Forbes v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997)....................................................................................................6, 9

*Maywalt v. Parker & Parsley Petroleum Co.*,
   147 F.R.D. 51 (S.D.N.Y. 1993)..............................................................................................7, 13

*Mazzini v. Republic of Argentina*,
   No. 03-CV-08120 (S.D.N.Y. Mar. 31, 2005)..............................................................................4

*Million Air Corp. v. Republic of Argentina*,
   2005 U.S. Dist Lexis 23904 (S.D.N.Y. Oct. 14, 2005)...............................................................2

*NML Capital, Ltd. v. Republic of Argentina,*
  2008 U.S. Dist. Lexis 29493 (S.D.N.Y. Apr. 10, 2008) ................................................................ 4

*NML Capital, Ltd. v. Republic of Argentina,*
  2008 U.S. Dist. Lexis 29568 (S.D.N.Y. Apr. 10, 2008) ................................................................ 4

*NML Capital, Ltd. v. Republic of Argentina,*
  2008 U.S. Dist. Lexis 29833 (S.D.N.Y. Apr. 10, 2008) ................................................................ 4

*In re Nassau County Strip Search Cases,*
  461 F.3d 219 (2d Cir. 2006) ........................................................................................... 11, 12, 13

*In re Oxford Health Plans, Inc. Sec. Litig.,*
  191 F.R.D. 369 (S.D.N.Y. 2000) ................................................................................................ 9, 10

*Palladini v. Republic of Argentina,*
  2007 U.S. Dist. Lexis 94960 (S.D.N.Y. Dec. 21, 2007) ................................................................ 4

*Phillips Petroleum Co. v. Shutts,*
  472 U.S. 797 (1985) ........................................................................................................................ 9

*Pucelli v. Republic of Argentina,*
  04-CV-02117 (S.D.N.Y. Mar. 31, 2005) ...................................................................................... 1

*Ray M. by Juana D. v. Board of Educ.,*
  884 F. Supp. 696 (E.D.N.Y. 1995) ................................................................................................ 7

*Robinson v. Metro-North Commuter R.R.,*
  267 F.3d 147 (2d Cir. 2001) .......................................................................................................... 8

*Scappini v. Republic of Argentina,*
  No. 04-CV-09788 (S.D.N.Y. Mar. 1, 2007) ................................................................................ 1

*Seijas v. Republic of Argentina,*
  No. 04-CV-00400 (S.D.N.Y. Mar. 31, 2005) .............................................................................. 1

*Seijas v. Republic of Argentina,*
  No. 04-CV-00401 (S.D.N.Y. Mar. 31, 2005) .............................................................................. 1

*Selby v. Principal Mut. Life Ins. Co.,*
  197 F.R.D. 48 (S.D.N.Y. 2000) .................................................................................................... 7

*In re Towers Fin. Corp. Noteholders Litig.,*
  177 F.R.D. 167 (S.D.N.Y. 1997) ................................................................................................ 12

*In re Visa Check/Mastermoney Antitrust Litig.,*
  280 F.3d 124 (2d Cir. 2001) ........................................................................................................ 10

*Wagner v. Republic of Argentina,*
  2008 U.S. Dist. Lexis 27950 (S.D.N.Y. Apr. 4, 2008) ................................................................ 4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
  396 F.3d 96 (2d Cir. 2005) ............................................................................................................ 9

*Weigmann v. Glorious Food,*
    169 F.R.D. 280 (S.D.N.Y. 1996) ............................................................................6, 10

## MISCELLANEOUS

Hal S. Scott, *Sovereign Debt Default: Cry For The United States, Not Argentina*
    (Wash. Legal Found., Sept. 2006) ..........................................................................2, 3, 5

*Earth to Argentina,* WALL ST. J., Mar. 4, 2004 ...............................................................2

*The IMF Blinks,* WALL ST. J., Mar. 11, 2004...................................................................2

# I. INTRODUCTION

Plaintiff Henry H. Brecher submits this memorandum of law in support of his motion for certification of a class of all persons who own beneficial interests in a bond issued by the Republic of Argentina (the "Republic" or "Argentina") and who have suffered damages as a result of Argentina's December 2001 moratorium on the payment of all principal and interest in connection with its foreign debt, including this bond. The moratorium constituted a default and breach of contract under the terms of the bond. The bond is ISIN XS0113833510, denominated in Euros with a coupon rate of 9.25% and a maturity date of July 20, 2004 ("Bond"). The proposed class is limited to persons who continuously own beneficial interests in the Bond from the date of class certification until the date of final judgment in the district court. Mr. Brecher also seeks appointment as Class Representative and approval of Class counsel, Hagens Berman Sobol Shapiro LLP as lead counsel and Meredith Cohen Greenfogel & Skirnick, P.C. as local counsel.

This Court has certified eleven or more classes against Argentina on other bond issues from the same default, moratorium and breach of contract before the Court in this case. *See Seijas v. Republic of Argentina*, No. 04-CV-00400 (S.D.N.Y. Mar. 31, 2005); *Seijas v. Republic of Argentina*, No. 04-CV-00401 (S.D.N.Y. Mar. 31, 2005); *Castro v. Republic of Argentina*, No. 04-CV-00506 (S.D.N.Y. Mar. 31, 2005); *Hickory Secs. Ltd. v. Republic of Argentina*, No. 04-CV-00936 (S.D.N.Y. Mar. 31, 2005); *Azza v. Republic of Argentina*, No. 04-CV-00937 (S.D.N.Y. Mar. 31, 2005); *Azza v. Republic of Argentina*, No. 04-CV-01085 (S.D.N.Y. Mar. 31, 2005); *Pucelli v. Republic of Argentina*, 04-CV-02117 (S.D.N.Y. Mar. 31, 2005); *Chorny v. Republic of Argentina*, No. 04-CV-02118 (S.D.N.Y. Mar. 31, 2005); *H.W. Urban GmbH v. Republic of Argentina*, No. 02-CV-05699 (S.D.N.Y. Feb. 17, 2004); *Scappini v. Republic of Argentina*, No. 04-CV-09788 (S.D.N.Y. Mar. 1, 2007); and *Daelli v. Republic of Argentina*, No. 05-CV-03095 (S.D.N.Y. Mar. 1, 2007). The bases of the certification of the bond issues classes in those cases apply equally here. Plaintiff Brecher proposes a class action which complies with the requirements of Fed. R. Civ. P. 23. The proposed class should be certified.

001783-13 242306 V1

## II. STATEMENT OF FACTS

Plaintiff Henry H. Brecher owns beneficial interests[1] in a bond issued by Argentina. *See* Declaration of Jeniphr Breckenridge ("Breckenridge Decl."), Ex. A (statement from Creditanstalt confirming ownership).

In December 2001, Argentina declared a moratorium on the payment of its debt obligations. This moratorium has been described as "the largest sovereign default in history." Hal S. Scott, *Sovereign Debt Default: Cry For The United States, Not Argentina*, at 2 (Wash. Legal Found., Sept. 2006). Ever since, Argentina has not provided means for Mr. Brecher or proposed class members or other holders of other bond issues to receive full payment on their bonds. Argentina has been called a "deadbeat nation" for breaking its contractual promises to bondholders around the globe. *Earth to Argentina*, WALL ST. J., Mar. 4, 2004, at 1 ("Argentina is a rare deadbeat"); *The IMF Blinks*, WALL ST. J., Mar. 11, 2004. The default has impacted investors across the globe. Many, like Mr. Brecher, were modest investors who placed their faith in the Republic or, as THE WALL STREET JOURNAL described it, "made the mistake" of placing their trust in Argentina by purchasing bonds. *Earth to Argentina*, at 1 ("These bondholders are hardly all global fat cats. They include German *hausfraus*, Italian pensioners and Japanese farmers who made the mistake of trusting Argentine government promises.").

This Court has recognized the circumstances and history of the Republic's bond defaults in numerous cases. *See, e.g., Lightwater Corp. v. Republic of Argentina*, 2003 U.S. Dist. Lexis 6156 (S.D.N.Y. Apr. 14, 2003).

The following table contains the necessary identifying information regarding plaintiff's beneficial interests in bonds which were purchased on two different dates:

---

[1] As this Court has recognized, individual purchasers hold "beneficial interests" in bonds. The Republic issues a "bond" to a depository. The depository issues "participations" to brokers. The brokers sell "beneficial interests to purchasers." The beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of beneficial interest. *Million Air Corp. v. Republic of Argentina*, 2005 U.S. Dist Lexis 23904 (S.D.N.Y. Oct. 14, 2005).

| Plaintiff Beneficial Owner: | Henry H. Brecher |
|---|---|
| Face Value: | € 1,000,000,000 |
| CUSIP No., ISIN No., BB No.: | ISIN XS0113833510 |
| Dates Of Issuance: | November 21, 2000 / February 1, 2001 |
| Date Of Maturity: | July 20, 2004 |
| Interest Rate/Payable: | 9.25% |
| Dates Of Purchase: | November 21, 2000 / February 1, 2001 |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | Trust Deed (dated July 27, 1993); The Fifteenth Supplemental Trust Deed dated December 20, 2001 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statements from Creditanstalt dated November 21, 2000 and February 1, 2001 |

Three years after the default, in December 2004, Argentina offered 25 to 29 cents on the dollar to bondholders if they would relinquish their claims. Scott, *Sovereign Debt Default*, at 3. In short, Argentina asked bondholders to take a "haircut," accepting new bonds with lesser value in exchange for surrendering their legally valid claims under old bonds. *Id.* The low level of Argentina's settlement offer was unprecedented. In 20 other sovereign debt restructurings since 1990, nations had offered 64 percent of the amount due to bondholders compared to Argentina's 25 to 29 percent offer. *Id.* Moreover, Argentina did not provide an opportunity for a counter-offer: "The terms of the exchange were basically dictated unilaterally by Argentina, without any good faith negotiations with creditors." *Id.* at 3-4. Because they feared that Argentina's legal obligations would not be enforced at all, roughly 76 percent of bondholders accepted Argentina's meager restructuring offer and, thereby, accepted a fraction of what they were owed. *Id.* at 4.

This offer was communicated to Mr. Brecher via a letter with attachment dated January 17, 2005. Breckenridge Decl., Ex. B. Roughly 24 percent of bondholders – including Mr. Brecher – rejected Argentina's inadequate settlement offer. Some brought legal action in courts in the United States, Germany, and Italy. This Court has granted summary judgment to numerous individual plaintiffs, *see, e.g., Applestein TTEE FBO D.C.A. Grantor Trust v. Republic of Argentina*, 2003 U.S. Dist. Lexis 20922 (S.D.N.Y. Nov. 19, 2003); *EM Ltd. v. Republic of Argentina*, No. 03-CV-02507 (S.D.N.Y. Sept. 12, 2003); *Latinburg, S.A. v. Republic of Argentina*, No. 03-CV-08528 (S.D.N.Y. May 24, 2004); *Mazzini v. Republic of Argentina*, No. 03-CV-08120 (S.D.N.Y. Mar. 31, 2005); *Baccanelli v. Republic of Argentina*, 2008 U.S. Dist. Lexis 32565 (S.D.N.Y. Apr. 18, 2008); *NML Capital, Ltd. v. Republic of Argentina*, 2008 U.S. Dist. Lexis 29493 (S.D.N.Y. Apr. 10, 2008); *NML Capital, Ltd. v. Republic of Argentina*, 2008 U.S. Dist. Lexis 29568 (S.D.N.Y. Apr. 10, 2008); *NML Capital, Ltd. v. Republic of Argentina*, 2008 U.S. Dist. Lexis 29833 (S.D.N.Y. Apr. 10, 2008); *Borgra v. Republic of Argentina*, 2008 U.S. Dist. Lexis 27948 (S.D.N.Y. Apr. 4, 2008); *Wagner v. Republic of Argentina*, 2008 U.S. Dist. Lexis 27950 (S.D.N.Y. Apr. 4, 2008); *Artal Alternative Treasury Mgmt. v. Republic of Argentina*, 2008 U.S. Dist. Lexis 26433 (S.D.N.Y. Mar. 31, 2008); *Beyer v. Republic of Argentina*, 2007 U.S. Dist. Lexis 93786 (S.D.N.Y. Dec. 21, 2007); *Palladini v. Republic of Argentina*, 2007 U.S. Dist. Lexis 94960 (S.D.N.Y. Dec. 21, 2007); and has granted partial summary judgment as to liability for a certified class concerning two different Argentine bonds, *H.W. Urban GmbH v. Republic of Argentina*, 2006 U.S. Dist. Lexis 9668 (S.D.N.Y. Mar. 9, 2006).

Because Argentina has steadfastly refused to make good on its contractual commitment to repay investors, Mr. Brecher filed this suit to enforce the Republic's legal obligations. To Mr. Brecher's knowledge, the bond upon which his claim is based is not covered by any other lawsuit.

- 4 -

001783-13 242306 V1

## III. ARGUMENT

### A. Class Certification Standards

A court will certify a case for class treatment where the proponent satisfies all four prerequisites of Fed. R. Civ. P. 23(a) and at least one of the subsections of Fed. R. Civ. P. 23(b). Plaintiff "bears the burden of demonstrating numerosity, commonality, typicality, and adequacy." *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999); Fed. R. Civ. P. 23. "Nevertheless, a motion for class certification is not an occasion for examination of the merits of the case." *Id. See also Heerwagen v. Clear Channel Communs.*, 435 F.3d 219, 232 (2d Cir. 2006) (a district court is prohibited from "weighing evidence in connection with Rule 23 determinations to the extent those determinations are effectively identical to merits issues"). Further, the "Second Circuit requires a 'liberal' construction of Rule 23 of the Federal Rules of Civil Procedure." *Fogarazzo v. Lehman Bros.*, 232 F.R.D. 176, 178 (S.D.N.Y. 2005).

### B. Mr. Brecher Meets the Requirements of Fed. R. Civ. P. 23(a)

#### 1. Class members are far too numerous for joinder

The Class meets the numerosity requirement of Fed. R. Civ. P. 23(a)(1). While the exact number of Class members is unknown to Mr. Brecher at this time, he believes that the Class consists of thousands of investors. *See* Compl., ¶ 16.[2] Class members are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *In re Magnetic Audiotape Antitrust Litig.*, 2001 U.S. Dist. Lexis 7303, at *6 (S.D.N.Y. June 6, 2001) ("450 entities ... is more than enough to satisfy the numerosity requirement"); *Dornberger v. Metropolitan Life Ins. Co.*, 182 F.R.D. 72, 77 (S.D.N.Y. 1998) ("the threshold for impracticability of joinder seems to be around forty, a requirement which has been easily satisfied here").

There are thousands of owners of beneficial interests in the Bond. According to unofficial figures released by Argentina after the exchange offer, the current outstanding amount

---

[2] "The Argentina debt default of December 2001 was the largest sovereign default in history.... By [December 2005] the default involved more than $100 billion of privately held debt ($81.8 billion in principal plus $20 billion in past due interest) in the form of 152 bonds," including the bond Mr. Brecher sues upon here. Scott, *Sovereign Debt Default*, at 2.

owed by Argentina to Plaintiff and Class members who have beneficial interests in the Bond is roughly 1,000,000,000 €. *See Bloomberg* (last viewed on July 15, 2008).[3] *See also* Yahoo! Finance, *available at* http://finance.yahoo.com/currency (last viewed on July 29, 2008) (at today's exchange rate, roughly $1,570,500,000 USD).

Moreover, "[t]he exact number and identity of class members ... can be ascertained at a later date by examining [Argentina's] records." *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 51 (S.D.N.Y. 1987). Plaintiff "need not prove the exact number of class members." *Weigmann v. Glorious Food*, 169 F.R.D. 280, 284 (S.D.N.Y. 1996). Finally, Class members are geographically dispersed around the globe, further supporting a finding of numerosity. *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 120-21 (S.D.N.Y. 2001) ("Several of the relevant factors in addition to the raw number of investors favor a finding that joinder is impractical ... plaintiffs are widely dispersed ... many reside in different nations in Europe and the Caribbean").

### 2. Class members' claims share common issues of fact and law

Certification of the Class should be granted because "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) ("commonality requirement is met if plaintiffs' grievances share a common question of law or of fact"). The contract documents that govern the Class "create[] a unifying device" in support of commonality. *Dornberger*, 182 F.R.D. at 81. Moreover, Argentina has breached its contract with Class members "in the same general fashion." *Krueger v. New York Tel. Co.*, 163 F.R.D. 433, 439 (S.D.N.Y. 1995).

With a single moratorium, Argentina broadly and uniformly breached its contract with all Class members. *Id.* ("single, company-wide plan applied to them"); *Marisol A.*, 126 F.3d at 377 ("injuries derive from a unitary course of conduct"). The moratorium provides a "single set of

---

[3] These figures are unofficial and exclude the compound interest to which Plaintiff and Class members are entitled. Plaintiff and Class members reserve the right to recalculate the amount owed on the bond with the use of other methodology, including but not limited to the inclusion of compound interest and the use of up-to-date figures provided by Argentina.

operative facts." *Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 55 (S.D.N.Y. 1993) ("class claims against the Defendants in this action arise out of a single set of operative facts ... [and] a common course of conduct by the Defendants"), *id.*; *Ray M. by Juana D. v. Board of Educ.*, 884 F. Supp. 696, 699 (E.D.N.Y. 1995); *Dornberger*, 182 F.R.D. at 80 ("common course of conduct"). Accordingly, all members of the Class seek recovery under the same legal theory. *Maywalt*, 147 F.R.D. at 55 ("class claims ... based on the same legal theories").

Members of the Class pose the same fundamental legal and factual question: did Argentina breach its contract with the moratorium and default? *Krueger*, 163 F.R.D. at 441; *Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 57-58 (S.D.N.Y. 2000) (same course of events commonly affected class members; common theory of liability and similar legal arguments); *Genden*, 114 F.R.D. at 52 ("plaintiffs' claim presents a common question as to whether the failure to disclose the susceptibility of the mortgage subsidy bonds to mandatory redemption constitutes a violation of the federal securities laws").

Thus, this lawsuit presents many common questions of fact or law for the Class:

1) Whether Argentina is liable under breach of contract for its default;

2) Whether Argentina stopped making payments on interest and principal for bonds that it had issued;

3) Whether the moratorium announced by Argentina in December, 2001 constituted a default under the terms of the contract documents;

4) Whether Class members sustained damages as a result of Argentina's moratorium;

5) Whether Argentina has a viable affirmative defense under the act of state doctrine;

6) Whether Argentina has a viable affirmative defense under the doctrine of unclean hands;

7) Whether Argentina has a viable defense under the doctrine of abuse of rights; and

8) Whether Argentina has a viable defense under N.Y. Judiciary Law Section 489.

Not only are these questions "common to the class," but they are critical to the disposition of all Class members' claims. This list of common questions is not exhaustive, but is sufficient to demonstrate that commonality is satisfied.

Argentina has raised common issues (5) through (8), *supra*, as affirmative defenses to claims brought by all Class members. *See* Answer at ¶¶ 47, 49, 50, 51 (filed Feb. 20, 2007, Dkt. No. 5), thereby confirming "that the affirmative defenses ... are common to the class." *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 154 (2d Cir. 1987); *id.* at 166-167 ("this defense is common to all of the plaintiffs' cases, and thus satisfies the commonality requirement of Rule 23(a)(2)").

### 3. Mr. Brecher's claims are typical of those of other Class members

Mr. Brecher's claims are typical of those of other Class members under Fed. R. Civ. P. 23(a)(3). As the Second Circuit has explained, typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001) (citation omitted). Here, "Plaintiff, being a bondholder, has claims typical of those of the Class by virtue of being subject to the same contractual terms." *H.W. Urban GmbH v. Republic of Argentina*, 2003 U.S. Dist. Lexis 23363, at *4 (S.D.N.Y. Dec. 30, 2003) ("*H.W. Urban*"). Mr. Brecher owns beneficial interests in the Bond. Breckenridge Decl., Ex. A. His claims and the claims of the Class members arise from the same moratorium announced by Argentina, and members of each Class share the same claim for breach of contract. As this Court explained in a similar action based on a different bond series adversely affected by the same Argentina moratorium, "Plaintiff, being a bondholder, has claims typical of those of the class by virtue of being subject to the same contractual terms." *H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *5.

Because Mr. Brecher and Class members suffer from the same default in the same bond, he has "the incentive to prove all the elements of the cause of action which would be presented

by the individual members of the class were they initiating individualized actions." *In re Magnetic Audiotape*, 2001 U.S. Dist. Lexis 7303, at *8 (citation omitted); *In re Frontier Ins. Group Secs. Litig.*, 172 F.R.D. 31, 41 (E.D.N.Y. 1997). His claims "are not based on conduct unique" to him. *Dornberger*, 182 F.R.D. at 81. The same objective factors will be used to prove breach of contract claims of all class members. Mr. Brecher and Class members share the goal of "achieving the maximum amount of recovery" for the Class. *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992); *In re Frontier Ins. Group*, 172 F.R.D. at 41 (quoting *Drexel*); *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (class representative has "incentive to prove all the elements of the cause of action which would be presented by the individual members of the class were they initiating individualized actions"). Each Class member "has an interest in demonstrating the unlawfulness" of Argentina's moratorium. *Krueger*, 163 F.R.D. at 442; *David v. Showtime/Movie Channel, Inc.*, 697 F. Supp. 752, 757 (S.D.N.Y. 1988) ("congruence of interests"). If Argentina's moratorium is proven unlawful, "the benefits would accrue to all members of the class." *Krueger*, 163 F.R.D. at 442.

### 4. Mr. Brecher is an adequate representative with experienced class action counsel

Because Mr. Brecher is an adequate Class representative with experienced counsel, he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) ("adequate representation of a particular claim is determined by the alignment of interests of class members, not proof of vigorous pursuit of the claim"). Mr. Brecher and Class members do not have "interests that are 'antagonistic' to one another." *Drexel*, 960 F.2d at 291; *Marisol A.*, 126 F.3d at 378 ("there is no conflict of interest between the named plaintiffs and other members of the plaintiff class"). Members of the Class "share a common interest" in proving that Argentina breached its contract and in "obtain[ing] the highest possible recovery." *Drexel*, 960 F.2d at 291; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 n.1 (1985) ("all members of the class have the same interest in enforcing their claims against the defendant"). Further, Mr. Brecher's "theory of liability is the

same as the other members of the class," thereby supporting his adequacy as a representative for each Class. *Weigmann*, 169 F.R.D. at 286. There is "no reason to doubt that plaintiff can act as a proper representative." *H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *5.

Likewise, Mr. Brecher has retained counsel with records of significant experience in class action litigation, including securities lawsuits. *See* Breckenridge Decl., Ex. C (firm résumé). Hagens Berman Sobol Shapiro LLP has successfully moved for class certification in cases brought before this Court (*In re Magnetic Audiotape Antitrust Litig.*, 2001 U.S. Dist. Lexis 7303 (S.D.N.Y. June 6, 2001)) and this Circuit (*In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001)). Co-counsel, Robert A. Skirnick of Meredith Cohen Greenfogel & Skirnick, P.C., is also experienced in class action and complex commercial litigation and is a member of the New York bar in good standing. Breckenridge Decl., Ex. D (firm résumé). In short, Mr. Brecher's counsel is "qualified, experienced and able to conduct the litigation." *In re Magnetic Audiotape*, 2001 U.S. Dist. Lexis 7303, at *8; *In re Oxford Health Plans*, 191 F.R.D. at 376-377 ("no question that counsel for Lead Plaintiffs are qualified to try a case of this nature, and experienced in both class action and general securities litigation").

In addition, Mr. Brecher has notified Argentina that payment of interest and principal is immediately due and payable in accordance with the terms governing his U.S. bonds. Breckenridge Decl., Ex. E (letter to E. Leedham, Bank of New York).

## C. Mr. Brecher Meets the Requirements of Fed. R. Civ. P. 23(b)

Because he primarily seeks monetary damages, Mr. Brecher seeks certification under Fed. R. Civ. P. 23(b)(3).

### 1. Common questions of fact and law predominate over individual issues

In this case, "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This Court considered certification of classes representing other bond series subject to the same Argentina default in an earlier case and found that "[i]t is clear that the questions of law and fact common

to the members of the class predominate over any individual questions." *H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *6. Specifically, the Court held:

> The questions of law and fact upon which liability depends are common to all members of the class, since liability depends on contractual terms applicable to all bonds. Plaintiff, being a bondholder, has claims typical of those of the class by virtue of being subject to the same contractual terms.... It is clear that the questions of law and fact common to the members of the class predominate over any individual questions. As already described, all questions relating to liability are common. Questions as to the *type* of relief will also be common. The remaining individual issues about the quantum of relief can undoubtedly be resolved by the processing of claims, which need not be unduly complex.

*Id.* at *7-8 (emphasis in original).

The very standards the Court applied in *H.W. Urban* to certify a class apply here. The contract documents governing Mr. Brecher's bond "create[] a unifying device, permitting the common issues to predominate over the individual issues despite other material variations." *Dornberger*, 182 F.R.D. at 81. The Class is thereby unified by a common contract document and related governing documents. Class members owning beneficial interests in the bond are unified by the governing July 27, 1993 Trust Deed, the Fifteenth Supplemental Trust Deed dated December 20, 2001 and related documents. Breckenridge Decl., Ex. F.

Because all Class members are "allegedly aggrieved by a single policy of defendant[]," common questions predominate over individual issues. *In re Nassau County Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006). Argentina has injured all Class members through an "across-the-board deprivation" of payments of principal and interest. Accordingly, the Class for which Mr. Brecher seeks certification shares common issues that predominate over individual issues as the result of Argentina's single policy. *See H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *6 ("It is clear that the questions of law and fact common to the members of the class predominate over any individual questions.").

- 11 -

001783-13 242306 V1

## 2. Class action is superior for adjudicating this dispute, particularly since Class members are scattered across the globe

Mr. Brecher's proposed Class meets all four factors considered by courts in determining whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3)(A)-(D).

Importantly, this court considered all of these factors under nearly identical circumstances involving another bond affected by the Republic's default and found:

> As to the superiority of a class action to other procedures, the court notes the following. As indicated earlier, certain bondholders prefer to bring their own individual actions, and have done so. But for those who wish to be part of this proposed class action, it is reasonable for them to believe that it is superior to their bringing individual actions .... For those who do not wish to be a part of the present class action, they will have an opportunity to make that choice.

*H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *7. The same superiority standards apply to the case here.

First, "class members have little interest in maintaining separate actions since there already exists ... [a strong case for class-wide liability] in this action and, without class notification, most putative class members will not even know that they suffered a violation of their [] rights." *In re Nassau County*, 461 F.3d at 230; Fed. R. Civ. P. 23(b)(3)(A); *In re Towers Fin. Corp. Noteholders Litig.*, 177 F.R.D. 167, 172 (S.D.N.Y. 1997) ("highly unlikely that individual plaintiffs would shoulder the burden and cost of this vast and complex litigation"). *See H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *7 ("for those who wish to be part of this proposed class action, it is reasonable for them to believe that it is superior to their bringing individual actions").

Individual lawsuits "would not be cost effective, especially in light of the fact that many of the plaintiffs are foreign nationals." *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 158 (S.D.N.Y. 2002) (magistrate's recommendation adopted by District Court); *Cromer*, 205 F.R.D. at 133 ("would exponentially increase the costs of litigation for all"); *id.* at 134 ("Given the high cost of this litigation, it is not clear that all of the investors would pursue or would even

be able to pursue litigation without the class action option."). Bondholders who are unaware of contract documents governing their bonds "likely never will know that defendant[] violated their clearly established [] rights, and thus never will be able to vindicate those rights. As a practical matter, then, without use of the class action mechanism, individuals harmed by defendants' policy and practice may lack an effective remedy altogether." *In re Nassau County*, 461 F.3d at 229. This is particularly true where, as here, roughly 76 percent of bondholders accepted a historically low settlement offer, partly because they were not aware of their legal rights (*supra*, at 4). Indeed, even when they are apprised of their rights, Mr. Brecher and others have had difficulty obtaining contract documents, letters, and other materials from their own banks and brokers. Therefore, it is plainly true that "without use of the class action mechanism, individuals harmed by defendants' policy and practice may lack an effective remedy altogether." 461 F.3d at 229 (citation omitted).

Second, Mr. Brecher's suit has progressed, Argentina has answered, and no other lawsuit has been filed. Therefore, class certification will help "resolve[] quickly and conclusively" the remaining legal claims of Mr. Brecher and Class members. *In re Nassau County*, 461 F.3d at 230.

Third, "concentrating the litigation in one forum simplifies and streamlines the litigation process" and preserves judicial resources. *Id.*; Fed. R. Civ. P. 23(b)(3)(C); *Maywalt*, 147 F.R.D. at 57-58 ("considerations of judicial economy and justice support the conclusion that all of the Class claims be asserted in a single forum because all of the Defendants' acts affected the Damson Limited Partners in a similar manner").

Fourth, there is "little difficulty in managing a class action" (*In re Nassau County*, 461 F.3d at 230), particularly since this Court has already certified eleven or more classes against Argentina (*supra* at 1), granted summary judgment to numerous individual plaintiffs (*supra*, at 4), and granted summary judgment to a certified class (*supra*, at 4). In *H.W. Urban*, 2003 U.S. Dist. Lexis 23363, at *7, this court dismissed any concerns that a bond class would be unmanageable.

Finally, because Argentina has raised the same affirmative defenses against all Class members, class-wide adjudication is "superior to the alternatives." *In re "Agent Orange,"* 818 F.2d at 167. Whether these defenses succeed or fail, they will "dispose[] of" issues that are pertinent to each and every Class member. *Id.* It will be more efficient to handle these class-wide defenses at once rather than in individual trials.

## IV. CONCLUSION

For the foregoing reasons, Mr. Brecher respectfully requests that this Court grant his motion for class certification.

Dated this 31st day of July, 2008.

Respectfully submitted,

MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.

By  /s/ Robert A. Skirnick
Robert A. Skirnick (RS 2636)
One Liberty Plaza, 35th Floor
New York, NY 10006
Telephone: (212) 240-0020

– and –

Steve W. Berman
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292