UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HENRY H. BRECHER, Individually And On:
Behalf of All Others Similarly Situated

                                     :     06 Civ. 15297 (TPG)

                 Plaintiffs,

                                     :     **OPINION**

       - against -

                                     :

REPUBLIC OF ARGENTINA,

                                     :

                Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/10

      In this class-action, plaintiff moves on behalf of himself and the class for summary judgment pursuant to Fed. R. Civ. P. 56 with respect to certain defaulted Argentine bonds. The Republic cross-moves for summary judgment.

      Plaintiff's motion is denied with leave to renew at a later point. Defendant's cross-motion is denied.

### Background

      Plaintiff Henry H. Brecher is the alleged beneficial owner of an interest in an Argentine bond, ISIN XS0113833510 ("Bond"), denominated in Euros with a coupon rate of 9.25% and a maturity date of July 20, 2004. This bond is also known as a European Medium Term Note ("EMTN").

      The Bond was issued by the Republic of Argentina pursuant to an English Law Trust Deed dated July 27, 1993 and the Fifteenth Supplemental Trust Deed dated December 20, 2001. In the Trust Deed, Argentina expressly agreed: (I) to submit to the jurisdiction of this court; and (ii) to waive any claim

of sovereign immunity to the fullest extent of the law.  Trust Deed at §§ 17.2, 17.3.  Argentina further expressly agreed that certain events, including a failure to pay interest when due, or a declaration by Argentina of a moratorium on the payment of principal or interest, would constitute default.  Id. at 46, § 10.

On or about December 24, 2001, Argentina declared a moratorium on the payment of all principal and interest with respect to its external debt, including the Bond.  This Court has recognized the December 2001 moratorium as an event of default on Argentina bonds in multiple cases.  Since then, Argentina has made no payments of principal or interest to any owners of beneficial interests in the Bond.  The Bond matured on July 20, 2004, and the moratorium is still in effect.

On May 29, 2009, this court certified a class consisting of "all persons who, from December 19, 2006 until the date of final judgment in this Court, have continuously held beneficial interests in the bond issued by the Republic of Argentina with ISIN XS0113833510, having maturity date of July 20, 2004 and coupon rate of 9.25 percent," and who have not initiated separate proceedings.  Brecher v. Argentina, 2009 WL 857480 (Mar. 29, 2009).  The court also appointed Brecher class representative.

On August 24, 2009, Brecher moved for summary judgment.  On October 22, 2009, the Republic cross-moved for summary judgment.

## Discussion

Plaintiff asserts that his summary judgment motion should be granted because: (1) he and the Class are beneficial owners of the Bond interest; (2) the Bond is an unconditional obligation of the Republic; (3) the Republic's December 2001 moratorium on debt payments is an "event of default" under the Trust Deed; and (4) the Republic continues to be in default since no payment has since been made.

The Republic does not dispute the fact of default or its own obligations under the Trust Deed, but makes two arguments as to why plaintiff's motion for summary judgment should be denied: (1) the motion is premature because plaintiff's counsel has yet to distribute class notice as required under Fed. R. Civ. P. 23(c); and (2) the terms of the Trust Deed explicitly preclude bondholders from individually enforcing claims against the Republic unless the bond's designated Trustee was requested to institute such proceedings but failed to do so, which has not occurred here.  Defendant further argues that because Brecher is not permitted to bring suit under the terms of the Trust Deed, the Republic itself is entitled to summary judgment.

The Republic originally argued that Brecher's proof of current ownership is inadequate.  However, Brecher has supplemented the record, and the Republic has dropped this point.

I. Lack of Class Notice

The Republic argues that Brecher's motion is premature because,

although class certification has been granted, plaintiff's counsel has not distributed a court-approved class notice to potential class members and no mechanism has been established for them to opt out of the class, as required under Rule 23(c)(2).

The Republic notes that this court previously denied summary judgment to certain other certified classes where class notices had not been given. See Seijas, et al. v. Republic of Argentina, 04 Civ. 401 (TPG), Order dated Feb. 15, 2006, at 4. In considering the motions for summary judgment in Seijas, the court noted:

> [T]he plaintiffs in these actions have not even yet submitted proposed class notices to the court for its approval under Federal Rule of Civil Procedure 23(c). Surely, when the classes in these actions are well-defined, eligible plaintiffs should submit summary judgment motions with documentation of their bond ownership, and where that documentation is sufficient, summary judgment will be granted. Until then, however, these motions for summary judgment are premature and are thus denied.

Id.

It is true that Fed. R. Civ. P. 23 does not explicitly preclude a district court from considering a motion for summary judgment prior to class certification. Wright v. Schock, 742 F.2d 541, 545 (9th Cir. 1984). Thus, argues Brecher, although the customary sequence in a class action is certification and notice before dispositive motions, and although this sequence has been followed in all previous Argentine bond default class actions before this court, lack of class notice here is not a legal obstacle to granting summary judgment.

However, Rule 23(c)(2) requires class notice at least in part in order to provide potential class members with adequate information regarding the binding effect of a class judgment and the possibility of opting out.  Numerous other courts have emphasized the importance of class notice before the merits of the case are adjudicated.  See, e.g., Cohen v. Office Depot, Inc., 204 F.3d 1069, 1078 (11th Cir. 2000); Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995).

The court believes that, in this case, the granting of a judgment should be deferred until the class action notice procedure has been carried out.

II. Trust Deed Preclusion of Suit by Individual Plaintiffs

The Republic argues that summary judgment should be granted to the Republic, not to Brecher and the class, because the Trust Deed underlying the bond here at issue explicitly precludes this individual action.

By the terms of the Trust Deed, "No Noteholder or Couponholder may proceed directly against the Republic . . . unless the Trustee, having become bound so to proceed, fails to do so within the reasonable time and such failure is continuing."  Trust Deed, Terms and Conditions § 12.  The Trustee becomes bound to proceed only if "(a) it shall have been so directed by an Extraordinary Resolution or so requested in writing by Noteholders holding at least 25 per cent in principal amount of the Notes of the relevant Series outstanding, and (b) it shall have been indemnified to its satisfaction."  Id.

-6-

Further discussion of this point is unnecessary.  The court is confident that, once the class action notice procedure has been completed, the issue about the Trustee can be resolved by agreement.  For the other reason, as noted above, the court is denying summary judgment as to Brecher.  The court denies summary judgment, requested by the Republic, on the Trustee issue.

## Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment (Dkt. 27) is denied, with leave to renew at a later point.  The Republic's cross-motion for summary judgment (Dkt. 35) is denied.

SO ORDERED.

Dated:     New York, New York
           September 14, 2010

THOMAS P. GRIESA
U.S.D.J.