USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,

                              Plaintiff,

v.

REPUBLIC OF ARGENTINA,

                              Defendant.
-------------------------------------------------------- x

No. 06 CV 15297 (TPG)

[PROPOSED] ORDER APPROVING
FORM AND MANNER OF CLASS
NOTICE AND REVISED CLASS
DEFINITION

WHEREAS, by Order dated March 27, 2009, this Court certified a Class, pursuant to Fed. R. Civ. P. 23, of current holders of beneficial interests in the Bond issued by the Republic of Argentina with ISIN XS 0113833510, having maturity date of July 20, 2004, and coupon rate of 9.25 percent (the "Bond");

WHEREAS, Plaintiff has made a motion for the approval of a form of Class Notice and manner of notice;

WHEREAS, Plaintiff has also made a motion for the approval of a revised Class definition to reflect events occurring after the Court's certification of a Class;

NOW, therefore, the Court, having considered Plaintiff's motion:

IT IS HEREBY ORDERED that:

1. The Class definition shall be revised. The Class shall be defined as:

> All current holders of beneficial interests in the Bond who purchased or otherwise acquired the interests prior to December 19, 2006, and who will continue to hold those interests until the date of final judgment.

**Except:**

(i) Those purchasers who participated in either the 2005 or 2010 Exchange Offers;

(ii) Those purchasers who, for any other reason, fail to hold those interests through the date of judgment or settlement of this class action;

    (iii)    Those purchasers who have initiated separate proceedings, through individual claims asserted in this Court or through any other dispute resolution mechanism, including arbitration;

    (iv)    The Republic of Argentina; and

    (v)    Those purchasers who exclude themselves from the Class by filing a written request for exclusion.

The Class includes all such holders of these interests in the Bond worldwide, including holders in Argentina.

2.    On or before sixty (60) days after entry of this Order, Class Counsel shall cause the Class Notice to be provided to members of the Class as follows:

    (a)    A copy of the Notice substantially in the form attached hereto as Exhibit A (the "Notice"), shall be mailed via first class mail, postage pre-paid, to (1) all Class Members who can be identified through reasonable effort; (2) a select group of brokers and banks identified by the Claims Administrator; and (3) any persons who respond to the published Summary Notice described below;

    (b)    Within sixty (60) days of a Court order approving the form and manner of notice, Plaintiff will also publish the Summary Notice substantially in the form attached as Ex. B to the Proposed Order (the "Summary Notice") in the following media:

        (i) *La Nacion*, an Argentine daily newspaper (in Spanish);

        (ii) the *Business Wire*, an internet news service (United States, Italy and Argentina circuits);

        (iii) on the Depository Trust Corporation Legal Notice System ("LENS"); and

        (iv) publication of the Notice on a website devoted specifically to this case and on lead counsel's website.

    (c)    Class members will have 90 days from the date the Notice is mailed, pursuant to section (1) above, to exclude themselves from the Class should

they choose to do so. For the convenience of Class members, a Request for Exclusion Form substantially in the form attached hereto as Ex. C, will be included with the Class Notice.

3. Class Counsel shall file with the Court proof, by affidavit of such publications and mailings.

4. The Court hereby approves the form of the Class Notice and Summary Notice, and finds that the publication, mailing, and distribution of such Notices, substantially in the manner and form set forth in paragraph 1 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances to members of the Class, are in full compliance with and satisfy the requirements of constitutional due process, and shall constitute due and sufficient notice to all persons entitled thereto.

5. Class Counsel may, in its discretion, designate an Administrator, who may assist in providing notice to the Class.

6. Class Counsel, and/or the Administrator designated by Class Counsel, shall mail or cause to be mailed the Notice in accordance with paragraph 1(a) above, and to cause the Summary Notice to be published in accordance with the terms of paragraph 1(b) above.

7. Those persons who file Requests for Exclusion from the Class, in accordance with paragraph 7 of the Notice and pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and postmarked no later than ninety (90) days from the initial mailing of the Notice, shall not be deemed Class Members and shall have no rights with respect to the Action, nor be bound thereby.

DONE AND ORDERED in New York, New York, this 3d day of June, 2011.

*Thomas P. Griesa*
Judge Thomas P. Griesa
United States District Court
Southern District of New York

**EXHIBIT A**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,        No. 06 CV 15297 (TPG)

                        Plaintiff,              NOTICE OF PENDENCY OF CLASS
                                                ACTION
        v.

REPUBLIC OF ARGENTINA,

                        Defendant.
------------------------------------------------------------x
```

TO: **ALL HOLDERS OF BENEFICIAL INTERESTS IN THE BOND ISSUED BY THE REPUBLIC OF ARGENTINA, WITH ISIN XS 0113833510, DUE JULY 20, 2004, AND A COUPON RATE OF 9.25 PERCENT (THE "BOND") WHO PURCHASED OR OTHERWISE ACQUIRED THOSE INTERESTS PRIOR TO DECEMBER 19, 2006, AND HAVE HELD THEM CONTINUOUSLY (THE "CLASS")**

**IF YOU ARE A HOLDER OF BENEFICIAL INTERESTS
IN THE BOND LISTED ABOVE,
PLEASE READ THIS NOTICE CAREFULLY –
YOUR RIGHTS MAY BE AFFECTED.**

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF THIS LAWSUIT SO THAT YOU CAN MAKE A DECISION AS TO WHETHER YOU SHOULD CHOOSE TO PARTICIPATE IN THIS CLASS ACTION OR EXCLUDE YOURSELF FROM IT AT THIS TIME. IF YOU ACCEPTED EITHER OF THE EXCHANGE OFFERS DESCRIBED BELOW, YOU ARE NOT ABLE TO PARTICIPATE IN THE LAWSUIT.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES:**
If you hold interests in the Bond as a nominee for a beneficial owner who is a member of the Class, then within ten (10) days after you receive this Notice, you must either: (1) mail copies of this Notice by first-class mail to each such beneficial owner; or (2) send a list of the names and addresses of such beneficial owners to:

> Gilardi & Co., LLC
> P.O. Box 808003
> Petaluma, CA 94975-8003
> Phone: (866) 281-2976
> Website: www.gilardi.com

This Notice is not an expression by the Court of any opinion as to the merits of any of the claims or defenses asserted by either side in this case. There is no assurance that a judgment in favor of the Class will be granted. This Notice is intended merely to advise you of the pendency of the action and of your rights with respect to it, including the right to remain a member of the Class or to exclude yourself from the Class.

> Additional copies of this Notice may be found at the website of lead Class Counsel at www.hbsslaw.com or at the website of Gilardi & Co., www.gilardi.com /[TBD]

1. **Why should I read this notice?**

A Class has been certified by the Court in this case. The Class consists of all persons who on or before December 19, 2006, purchased or otherwise acquired beneficial interests in the Bond series described above and will continue to hold those interests through the date of final judgment. The Class is described in more detail below. You are or may become a member of the Class. You may be entitled to participate in any benefits that may eventually be obtained for the Class as a result of this lawsuit.

If you participated in either of the Exchange Offers described below, you are automatically excluded from the lawsuit described in this Notice.

This Notice provides a summary of what the lawsuit is about, as well as describing who is eligible to be included in the Class and the effect of participating in this class action.

2. **What is this lawsuit about?**

This lawsuit was filed in the United States District Court for the Southern District of New York by Henry H. Brecher, an individual who owns beneficial interests in the Bond described above. Henry H. Brecher has been appointed by the Court as the Class Representative. This lawsuit alleges that on or about December 23, 2001, the Republic of Argentina ("Republic" or "Argentina") in breach of its express promise to pay principal and interest, declared a moratorium on the payment of principal and interest with respect to all of its foreign debt. Following that declaration, the Republic has failed to make any payment of principal or interest to any holders of beneficial interests in the Bond, which the Republic admits. The complaint in the case alleges that Argentina's default is a breach of contract. The lawsuit, which has been certified as a class action, seeks to recover unpaid interest for holders of beneficial interests in the Bond, plus prejudgment interest, from the date each interest payment should have been made. The Court has made no ruling on the merits of the claims in the lawsuit, but has determined in previous actions that the Republic's failure to pay principal and interest on similar bonds was a breach of contract.

3. **What if I participated in an exchange offer for my interests in these Bonds?**

The Republic has made two previous exchange offers – the first pursuant to a Prospectus dated December 27, 2004, and the Prospectus Supplement dated January 10, 2005 (the "2005 Exchange Offer"), and the second pursuant to a Prospectus dated April 13, 2010 and a Prospectus Supplement dated April 28, 2010 (the "2010 Exchange Offer"). In both the 2005 and 2010 Exchange Offers, interests in non-performing Republic-issued Bonds, including the Bond which is the subject of this lawsuit, were exchanged for new performing debt. If you participated in the Republic's 2005 or 2010 Exchange Offers, and exchanged interests in the non-performing Bonds for new interests in performing debt, you are not eligible to be a Class member.

4. **Who is a class member?**

   A. **The Certified Class.**

The following people are members of the Class:

All current holders of beneficial interests in the Bond who purchased or otherwise acquired the interests prior to December 19, 2006, and who will continue to hold those interests until the date of final judgment.

**Except:**

(i) Those purchasers who participated in either the 2005 or 2010 Exchange Offers;

(ii) Those purchasers who, for any other reason, fail to hold those interests through the date of judgment or settlement of this class action;

(iii) Those purchasers who have initiated separate proceedings, through individual claims asserted in this Court or through any other dispute resolution mechanism, including arbitration;

(iv) The Republic of Argentina; and

(v) Those purchasers who exclude themselves from the Class by filing a written request for exclusion.

The Class includes all such holders of these interests in the Bond worldwide, including holders in Argentina.

**B.     The Effect of Membership in the Class.**

Persons who fall within the definition of class membership and do not exclude themselves from the Class may be bound by the results of this litigation and may be eligible to participate in any benefit that may be obtained for Class members as a result of this litigation. Participation in the 2005 or 2010 Exchange Offers automatically excludes you from the class action.

The class action seeks recovery of unpaid interest on the Bond identified above. The class action procedure will require you to submit a claim form, at a later date, with proof of your membership in the Class (documents evidencing continuous ownership of beneficial interests in the Bond during the relevant time). As presently contemplated, submission of proper documentation will then entitle you, if the Court so decides, to either: (1) a judgment in an amount based on the unpaid interest owed to you up to the date of judgment, plus pre-judgment interest thereon; or (ii) your pro rata share of any class-wide recovery. There is no assurance that you will obtain any benefit from participation in the class action.

There is a significant risk in this lawsuit that a judgment will not be paid. Since the time of the default, Argentina has not paid judgments obtained by holders of beneficial interests in United States courts. Several creditors have obtained judgments against Argentina, but to date Plaintiff's Counsel is not aware that any such creditor has recovered any money in enforcement of a judgment.

If you choose to remain in the class action, you *must* retain your interest in the Bond identified above (but you may exchange interests in *other* bonds if you so choose). If you participate in the class action, you may be left with a Bond that might ultimately be deemed unmarketable or worthless.

### 5. How Do I Contact the Class Administrator?

The Class Administrator is:

Gilardi & Co., LLC
P.O. Box 808003
Petaluma, CA 94975-8003
Phone: (866) 281-2976
Website: www.gilardi.com

### 6. Who Represents the Class?

Plaintiff's Counsel, who represent the Class in this lawsuit, are Steve W. Berman and Jeniphr A.E. Breckenridge, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101, ArgentinaBondLitigation@hbsslaw.com.

### 7. What Are My Rights and Options?

You may choose to exclude yourself from the class action at this time.

***If you did not participate in the 2005 or 2010 Exchange Offers and have not brought any other claim related to your interests in the Bond, but you want to exclude yourself from the class action, you must make a request in writing.*** In order to be valid, your request for exclusion must (i) set forth the name and address of the person or entity requesting exclusion, (ii) state that such person or entity requests exclusion from the Class in this action, and (iii) be signed and dated by such person or entity. For your convenience, an optional form of Request for Exclusion is attached hereto. You are not required to use the attached form to request exclusion, but may instead submit a written request. Requests for exclusion must be postmarked no later than 90 days from the date this Notice was initially mailed, or no later than _____. Requests for exclusion must be mailed to the address provided below.

Do not request exclusion if you wish to participate in this lawsuit as a Class member. If you exclude yourself from the Class, you will not be affected by any decisions in this action, and you will not be entitled to share in any recovery in this action. If you intend to bring your own lawsuit against the Republic of Argentina, you should exclude yourself from the Class.

You also do not need to request exclusion if:

(i) You participated in the 2005 or 2010 Exchange Offers.

(ii) You have initiated separate proceedings, through individual claims asserted in this Court or through any other dispute resolution mechanism, including arbitration.

If you have done either of these, you will be automatically excluded from this class action.

Exclusion requests should be sent to:

*Brecher v. The Republic of Argentina*
c/o Hagens Berman Sobol Shapiro LLP
P.O. Box _____
Seattle, Washington 98101

If you do not request exclusion from the Class and do not meet the requirements for automatic exclusion, you will be considered a member of the Class until there is further action of the Court. If you do not request exclusion from the Class, eventually you may be bound by the results of this litigation and you will not be able to pursue your own individual legal action against the Republic based upon the claims asserted in the class action. As a Class member, you will be represented by Plaintiff's Counsel and you will not be charged a fee for the services of Class Counsel; rather, counsel will be paid some portion of whatever money they might ultimately recover for you and other Class members, if at all and as allowed by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this action are available for inspection, during business hours, at the United States District Court, 500 Pearl Street, New York, New York.

Please do not contact the Clerk or the Court for information related to this lawsuit. If you want additional information, you may contact Class Counsel identified above.

Dated: New York, New York

_____ \_\_\_, 2011

BY ORDER OF THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,

                              Plaintiff,

v.

REPUBLIC OF ARGENTINA,

                              Defendant.
------------------------------------------------------------ x

No. 06 CV 15297 (TPG)

SUMMARY NOTICE OF PENDENCY
OF CLASS ACTION

**TO:   ALL HOLDERS OF BENEFICIAL INTERESTS IN THE BOND ISSUED BY THE REPUBLIC OF ARGENTINA, WITH ISIN XS 0113833510, DUE JULY 20, 2004, AND A COUPON RATE OF 9.25 PERCENT WHO PURCHASED OR OTHERWISE ACQUIRED THOSE INTERESTS PRIOR TO DECEMBER 19, 2006, AND HAVE HELD THEM CONTINUOUSLY (THE "CLASS")**

This is to advise you of the pendency of the above-entitled litigation which has been certified as a class action against the Republic of Argentina ("Argentina") alleging breach of contract. The Court has certified a plaintiff class in the litigation which is defined above.

If you purchased or otherwise acquired beneficial interests in Argentina 9.25% Global Notes due July 20, 2004, and have not already received a copy of the printed Notice of Pendency of Class Action, you may obtain it by writing to: Gilardi & Co., LLC, P.O. Box 808003, Petaluma, California 94975-8003, or ArgentinaBondLitigation@hbsslaw.com. Your rights may be affected by this action.

DO NOT CONTACT THE CLERK OR THE COURT FOR INFORMATION.

DATED: June 3, 2011.

                                                        Judge Thomas P. Griesa, U.S.D.J.
                                                        United States District Court
                                                        Southern District of New York

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,

                                            Plaintiff,

v.

REPUBLIC OF ARGENTINA,

                                            Defendant.
-------------------------------------------------------- x

No. 06 CV 15297 (TPG)

REQUEST FOR EXCLUSION FORM

     I, the undersigned, request to be excluded from the Class certified in the above-entitled case in accordance with the provisions of the Notice of Pendency of Class Action.

     I state that I own beneficial interest(s) in _____.

     By signing this form, I understand that I will not be eligible to participate in the above-referenced lawsuit.

NAME (Print): _____

NAME (Signature): _____

Street Address: _____

City, State, Country, Postal Code: _____

Telephone Number, include area code (optional): _____

Principal Amount Owned: _____

Date(s) of Purchase: _____

     This completed and signed request for exclusion must be sent to the Class Administrator at the following address:

                       *Brecher v. Republic of Argentina*

                       [TBD]

001783-13 397352 V1