

Jason A. Zweig
Partner
**HAGENS BERMAN SOBOL SHAPIRO LLP**
555 FIFTH AVENUE, SUITE 1700
NEW YORK, NY 10017
www.hbsslaw.com
Direct (212) 856-7227
jasonz@hbsslaw.com

July 15, 2014

**BY ECF**

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Brecher, et al. v Republic of Argentina*, Case No. 06-cv-15297

Dear Judge Griesa:

We write in response to defendant Argentina's July 8, 2014 letter [Dkt. No. 87] objecting to entry of the plaintiffs' proposed order granting plaintiffs' motion to modify the class definition, a motion the Court orally granted at the February 21, 2014 hearing in this case.

First, Argentina points out that we failed to provide proper notice of settlement pursuant to Local Rule 77.1. Argentina is correct. We apologize to the Court and to Argentina for any inconvenience. On Friday, July 11, we submitted a proper Notice of Settlement of the Proposed Order with the Orders and Judgments Clerk, providing for a settlement date of July 15 (today). Thus, this procedural issue no longer poses an obstacle to entry of an order.

Second, Argentina asks that the court not enter the proposed order because "it is identical to the orders entered in the eight *Seijas* class actions on April 24, 2014 which are current the subject of a pending appeal . . . ." [Dkt. No. 87, at p.1]. While the proposed order may be identical to the order entered in the *Seijas* class actions, the primary ground on which Argentina appeals the *Seijas* orders is <u>not</u> relevant to the proposed order in this case. With respect to the April 24, 2014 *Seijas* orders, Argentina has made three arguments on appeal: 1) the Court exceeded the Second Circuit's mandate in *Hickory Securities Ltd. et al. v. Republic of Argentina*, 2012 U.S. App. Lexis 16928 (2d Cir. Aug. 14, 2012) when it granted the *Seijas* plaintiffs' motion to modify the class definition; 2) that the modified class is not ascertainable; and 3) the class modification

SEATTLE    LOS ANGELES    BOSTON    CHICAGO    COLORADO SPRINGS    NEW YORK    PHOENIX    SAN FRANCISCO    WASHINGTON, D.C.

001783-13 702730 V1

Letter to the Honorable Thomas P. Griesa
July 15, 2014
Page 2

presents a "one-way intervention" problem. The plaintiffs in this case were not a party to the *Hickory Securities* appeals, and therefore, the question of whether this court exceeded the Second Circuit's mandate has no bearing on this case. If the Second Circuit agrees with Argentina that this Court exceeded the mandate of *Hickory Securities*, and remands, it almost surely will not reach the second and third issues above, which, to be sure, do relate to this case. Thus, to delay entry of the proposed order, while the parties await a decision from the Second Circuit that may have no bearing on this case, makes little sense. Plaintiffs and Argentina have conferred in good faith in an effort to agree on a stay of the proposed order, however, because of the issue unique to the *Seijas* appeals, and the risk that any Second Circuit decision in *Seijas* would be irrelevant to this case, the plaintiffs ultimately could not agree.

Therefore, plaintiffs respectfully request the Court enter the proposed order so that this litigation can continue to move forward.

We are available to discuss this further, or answer any questions the Court may have.

Respectfully submitted,

Jason A. Zweig

JAZ:jaz

cc:     All counsel via ECF

001783-13  702730 V1