UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HENRY H. BRECHER, Individually And On    :    No. 06 CV 15297 (TPG)
Behalf Of All Others Similarly Situated, :
                                         :
                            Plaintiff,   :
                                         :
    v.                                   :
                                         :
REPUBLIC OF ARGENTINA,                   :
                                         :
                            Defendant.   :
------------------------------------------------------------ x

**MEMORANDUM IN RESPONSE TO THE
COURT'S NOVEMBER 18, 2015 ORDER [DKT NO. 95]**

On November 18, 2015, the Court ordered [Dkt. No. 95] that plaintiff Henry Brecher set forth his views as to how this case should proceed in light *Brecher v. Republic of Argentina*, No. 14-4385 (2d Cir. Nov. 18, 2015).

The Second Circuit opinion vacated this Court's August 29, 2014 order which modified plaintiff's class definition to consist of: "'all holders of Republic of Argentina European Medium Term Note Bond, with a coupon rate of 9.25% and a maturity date of July 20, 2004 (ISIN XSO11383351 0),' a 'holder' being an owner of a beneficial interest in said bonds. Excluded from the Holder Class are all holders to the extent that their holdings (a) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (b) have been exchanged for new bonds or otherwise extinguished." [Dkt No. 90]. As a result of the Second Circuit opinion, the operative class definition is the one that existed prior to this Court's modification of the class: "[a]ll current holders of beneficial interests in the Bond who purchased or otherwise acquired the interests prior to December 19, 2006, and who will continue to hold those interests until the date of final judgment." [Dkt. No. 56].

This Court has already granted the class plaintiffs summary judgment as to liability. [Dkt. No. 70]. The only question remaining is damages. In that regard, the Second Circuit instructed that this Court:

> Shall: (1) consider evidence with respect to the volume of bonds purchased in the secondary market after the start of the class periods that were not tendered in the debt exchange offers or are currently held by opt-out parties or litigants in other proceedings; (2) make findings as to a reasonably accurate, non-speculative estimate of that volume based on the evidence provided by the parties; (3) account for such volume in any subsequent damage calculation such that an aggregate damage award would "roughly reflect" the loss to each class, *see Seijas I,* 606 F.3d at 58–59; and (4) if no reasonably accurate, non-speculative estimate can be made, then determine how to proceed with awarding damages on an individual basis. Ultimately, if an aggregate approach cannot

>produce a reasonable approximation of the actual loss, the district court must adopt an individualized approach.

*Brecher v. Republic of Argentina,* __ F.3d ___, 2015 WL 7273415, at *4 (2d Cir. Nov. 18, 2015) *citing Hickory Securities Ltd. V. Republic of Argentina*, 493 Fed. App'x 156, 160 (2d. Cir. 2012).

Plaintiff has reviewed the proposal submitted by the *Seijas* plaintiffs in their September 24, 2015 submission in *Seijas v. Argentina*, 04-CV-400 (S.D.N.Y.) as the Court instructed in its November 18, 2015 order in this case. It is possible that these formal discovery efforts may yield relevant information which may allow for the *Seijas* plaintiffs to submit a damages methodology that would likely meet the Second Circuit's requirements as to class-wide damages. Plaintiff Brecher will confer with *Seijas*' counsel and determine whether he wishes to participate with *Seijas*' counsel in its discovery efforts.

In addition, it seems to Brecher, that if the discovery sought by the *Seijas* plaintiffs does not permit the calculation of a class wide damages award which the Second Circuit would consider more closely in alignment with the operative class definition, in effect, the Second Circuit will have converted this opt-out class action into an opt-in class action, which of course, has always been Argentina's goal, so as to minimize its liability as much as possible. Because we do not know what the third-party discovery proposed by the *Seijas* plaintiffs will reveal, Brecher also intends to engage in efforts that will hopefully specifically identify any holders of Argentine debt that is the subject of this case, who meet the class definition.

In connection with the dissemination of class notice earlier in this case, the notice administrator has compiled roughly 1000 names and addresses of *potential* class members. Plaintiff intends to try and contact each one of those persons, some of whom live overseas, and seek to determine whether or not they meet the criteria of the class. Plaintiff will also evaluate other options that will assist in the specific identification of potential class members. Clearly, to

- 2 -

001783-13  832525 V1

- 3 -

the extent Brecher is able to identify specific persons who meet the operative class definition, like himself, it will assist in yielding the least speculative class damages model possible.

Plaintiff would respectfully request that he be given 6 months, or until the end May 2016, to conduct its outreach efforts in an effort to identify members of the class. Of course, if the Court wishes to have conferences in the interim, to gauge the parties' progress, Brecher is not opposed. Plaintiff also believes additional time will also be helpful so that the parties can determine whether or not a settlement of these cases is possible in light of the recent presidential election in Argentina. As a result of the election, a new President, Mauricio Macri, will take office on December 10, 2015. Unlike his predecessor, Mr. Macri has expressed interest in trying to settle the Argentina bond cases.[1]

Plaintiff will be in attendance at the December 1, 2015 conference in *Seijas*, and will be available to discuss the information contained in this submission

November 25, 2015

                            Respectfully submitted,

                            HAGENS BERMAN SOBOL SHAPIRO LLP

                            By:  */s/ Steve W. Berman*
                                Steve W. Berman
                            Jeniphr A.E. Breckenridge
                            1918 Eighth Avenue
                            Seattle, WA  98101
                            Telephone:  (206) 623-7292
                            Facsimile:  (206) 623-0594

---

[1] http://www.cnbc.com/2015/11/24/argentine-president-elect-mauricio-macri-vows-tough-debt-default-talks.html (discussing President -elect Macri's vow to end Argentina debt litigation).

Jason A. Zweig
HAGENS BERMAN SOBOL SHAPIRO LLP
555 Fifth Avenue – Suite 1700
New York, NY  10017-2416
Telephone:  (212) 752-5455
Facsimile:  (917) 210-3980

*Attorneys for the Class*