USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

HENRY H. BRECHER, Individually and on Behalf of All Others Similarly Situated,

                    Plaintiff,

          – against –

THE REPUBLIC OF ARGENTINA,

                    Defendant.

------------------------------------------x

06-cv-15297 (TPG)

**ORDER**

The parties have reached a proposed settlement (the "Settlement"), as embodied in the Settlement Agreement dated May 23, 2016 ("Agreement"). Plaintiff has moved for an Order preliminarily approving the Settlement, approving a plan for providing notice of the Settlement to the Class, and setting a schedule for (i) Class Members to file Settlement Claim Forms, (ii) briefing and hearing on a motion for final approval of the Settlement under Federal Rule of Civil Procedure 23, confirmation of the Total Settlement Amount, and an award of fees, costs, and expenses to Class Counsel, and (iii) objections to the Settlement (the "Preliminary Approval Motion"). The Republic of Argentina does not oppose the Preliminary Approval Motion.

The court has considered the Preliminary Approval Motion, as well as the Agreement and its accompanying documents.

The court hereby orders that:

1. The Preliminary Approval Motion is granted and the court preliminarily approves the Settlement. The court finds that the Settlement is the product of arm's-length negotiation by experienced counsel. The court further finds that the Settlement appears to be fair, reasonable, and adequate, in the best interests of the Class, and within the range of possible approval, subject to consideration at the Rule 23 hearing as set forth below.

2. The court finds that the process for providing notice to Class Members set forth below ("Notice Plan") satisfies the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable laws and rules; constitutes the best notice that is practicable under the circumstances; is otherwise fair and reasonable; and shall constitute due and sufficient notice to all persons entitled thereto.

3. The court approves Gilardi & Co. LLC, as the notice and claims administrator.

4. The court approves the following Notice Plan. The procedures outlined below shall begin as soon as practicable and shall be completed no later than July 1, 2016. Class counsel shall cause:

    (a) A Summary Notice to be published in English and Spanish through Businesswire or a comparable service;

    (b) The Notice to be distributed to institutions on a proprietary list maintained by Gilardi & Co.;

    (c) The Notice to be further distributed to any list maintained by Class Counsel of any individuals and entities who appear to be Class Members, based on information gathered during this court's previous certification of the Class and the dissemination of the Proof-of-Claim forms earlier this year;

    (d) The Notice to be further distributed by Gilardi & Co. to DTC and Euroclear with a request that those entities distribute the Notice through their ordinary corporate action notice systems;

    (e) The Notice, preliminarily approved Settlement Agreement, Settlement Claim Form, and Order of Preliminary Approval to be posted on a website to be established for this purpose by Gilardi & Co. and/or on another website established by Class Counsel.

5. The deadline for Class Members to submit valid Settlement Claim Forms shall be September 1, 2016. Submission of a Settlement Claim Form shall not waive a Class Member's right to submit an objection to the Settlement or to the request for Class Counsel fees, costs, and expenses in accordance with the schedule below.

6. The Settlement is subject to final approval by the court under Federal Rule of Civil Procedure 23(e) ("Rule 23 Approval"). The following schedule is set with respect to a motion for final Rule 23 Approval:

    (a) Plaintiff, through Class Counsel, shall file a motion for final Rule 23 Approval of the Settlement, confirmation of Total Settlement Amount, and proposed award of Class Counsel fees, costs, and expenses ("Rule 23 Approval Motion") no later than October 1, 2016, and shall publish the Rule 23 Approval Motion papers on a website as provided in Notice Plan.

    (b) The notice and claims administrator shall prepare a report and file it with the court no later than October 1, 2016, confirming that the Notice Plan was carried out and that notice to Class Members was provided in the manner set forth in this Order.

    (c) Class Members shall file with the court and serve any objections to Settlement and/or to the proposed award of Class Counsel fees, costs, and expenses no later than October 21, 2016 ("Class Objection Deadline"). Filing such an objection shall not waive a Class Member's right to participate in the Settlement if the Class Member has otherwise submitted a timely and valid Settlement Claim Form and the Settlement is granted final approval by the court. Such an objector must, not later than the Class Objection Deadline, file a written statement of objections with the court. The objector's written statement of objections must: (a) contain the name of the case;

    (b) state each and every objection and the specific reasons therefor;

    (c) provide all legal support and all evidence that the objector wishes to bring to the court's attention in support of any objection; (d) state the full name and address of the objector; (e) provide information sufficient to establish that the objector is a member of the Class; and (f) state the full name, mail address, email address, and telephone number of any counsel representing the objector in connection with the objection.  In addition, the objector must send it to Class Counsel and Settling Defendant's Counsel, by first-class mail and postmarked no later than the Class Objection Deadline.

(d) In addition, any objector or counsel for an objector that desires to appear at the Fairness Hearing, personally or through counsel, must file with the court, not later than the Class Objection Deadline, and send to the designees of Class Counsel and the Settling Defendant, by first class-mail and postmarked no later than the Class Objection Deadline, a separate notice of intention to appear that identifies the name, position, address, and telephone number of each person who intends to appear at the Fairness Hearing on behalf of the objector.

(e) Any reply papers in further support of the Rule 23 Approval Motion shall be filed, served, and published on a website as provided in the Notice Plan no later than November 1, 2016.

7. A hearing on the Rule 23 Approval Motion shall be held on November 10, 2016, at 2:00 p.m. in Courtroom 26B of this Courthouse before the undersigned to consider the fairness, reasonableness and adequacy of the Settlement.  The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice and publications ordered herein, but shall be subject to adjournment or change by the court.  Notice of any adjournment or change shall be posted on the websites established by Gilardi & Co. and/or by Class Counsel.

8. All proceedings in the above-captioned Actions are hereby stayed, except those proceedings required by or provided for by the Settlement, until such time as the court renders a final decision regarding the approval of

the Settlement and, if it approves the Settlement, enters final judgment with respect to the Class Members in accordance with the Settlement.

9.  If the Settlement is terminated or does not go into effect because no final approval is granted by this court or for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this court entered this Order.

10. Nothing in this Order, the Agreement, any other Settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Defendant as to the validity of any claim that has been or could have been asserted.

11. At this time, the court reserves decision on the issue of whether to permit an additional opt-out period. The court may revisit this issue before rendering a final decision regarding the approval of the Settlement.

SO ORDERED

Dated: New York, New York
       May 27, 2016

_____
Thomas P. Griesa
United States District Judge